## IRVIN v. INTERNATIONAL HARVESTER CO.

Civ. No. 1894.

District Court, D. Kansas, Second Division. March 25, 1941.

Carl Smith, of Wichita, Kan., and A. W. Relihan, of Smith Center, Kan., for plaintiff.

Charles L. Byron, George L. Wilkinson, and Paul O. Pippel, all of Chicago, Ill., and Henry Gott, of Wichita, Kan., for defendant.

HOPKINS, District Judge.

This is a patent infringement suit. The bill alleges infringement of the Irvin Patent 1,481,962, issued January 29, 1924, by defendant because of manufacture and sale of certain gas engines used in tractors and motor trucks.

There are four types of accused engines which differ slightly from each other. It is stipulated that the first type disclosed by drawings, defendant's exhibits Nos. 1, 2, and 3, in so far as the issues herein are concerned, is representative of the other three types disclosed respectively by drawings, defendant's exhibits Nos. 4, 5, and 6.

It is agreed that if the first type infringes, all types infringe and that if the first type does not infringe, then the other types do not infringe. Therefore, only the first type, defendant's exhibits Nos. 1, 2 and 3, need be considered.

There are three principal defenses set up in the answer: (1) non-infringement; (2) invalidity for want of invention; and (3) laches.

Disposition of this case will be based upon a consideration of the question of infringement or non-infringement, it being unnecessary to consider any other defense.

Briefly stated, the Irvin patent in suit discloses a valve-in-head type of gas engine having an overhead valve actuating cam shaft, rockers having valve fingers interposed between the valve stems and the cams on the cam shaft, means for operating said cam shaft, an orificed oil feed tube arranged in overhead relation with the cam shaft, the rockers being mounted in a continuous oil channel extending longitudinally of the gas engine and cross-sectionally conforming to the knuckles of the rockers, said oil channel being in communication with said oil feed tube and disposed to discharge into the crankcase.

The fingers of the rockers are provided with cushioned contact elements consisting of pads such as rawhide having a durable wearing quality inset in the rocker fingers and affording noise eliminating contact for the cams.

The representative accused engine is provided with a cam shaft mounted in the crankcase below the cylinders, said cams actuating push rods extending vertically upwardly and each push rod contacting one end of a rocker pivotally mounted intermediate its ends, the opposite end of each rocker bearing directly upon the upper end of the associated valve stem. The rockers are pivotally mounted upon an oil feed tube from which oil is discharged for lubricating the bearings for the rockers and incidentally lubricating the contact points between the rockers and the valve stems and the rockers and the push rods.

Upon looking into the question of infringement, it becomes perfectly clear that the claims as to several of their elements do not read upon the accused devices. Therefore, it is likewise clear that none of the accused gas engines infringes any of the claims of the Irvin patent in suit.

As stated in McClain v. Ortmayer, 141 U.S. 419, 425, 12 S.Ct. 76, 78, 35 L.Ed. 800: "* * * if the language of the specification and claim shows clearly what he desired to secure as a monopoly, nothing can be held to be an infringement which does not fall within the terms the patentee has himself chosen to express his invention."

In the findings of fact which follow, I will point out some of the limitations of the claims of the patent in suit which are not present in the accused gas engines and thereby indicate why the claims of said patent are not infringed.

### Findings of Fact

1. Title to the Irvin patent No. 1,481,962 in suit is in plaintiff.

2. All of the claims are limited to "a valve-in-head motor having an overhead valve actuating cam shaft."

3. None of the accused engines has an overhead valve actuating cam shaft; on the contrary the cam shaft in the accused engines is located in the crankcase below the cylinders of the engine.

4. All of the claims of the patent in suit are limited to "rockers provided with

fingers interposed between the valve stems and the cams on the cam shaft."

5. None of the accused engines has such an arrangement, but to the contrary the rockers in the accused engines engage the tops of the valve stems but said rockers do not have fingers interposed between the valve stems and the cams on the cam shaft.

6. Claim 1 of the Irvin patent is limited additionally to "cushioned contact elements consisting of pads having a durable wearing quality inset in the rockers and affording noise eliminating contact for the cams."

7. None of the accused engines has such an arrangement; the rockers have metal to metal contact with the upper end of the valve stems, and no contact with the cams.

8. Claims 3 and 4 of the patent in suit are also limited to "an orificed oil feed tube arranged in overhead relation with the cam shaft."

9. None of the accused engines has an orificed oil feed tube arranged in overhead relation with the cam shaft as defined in claims 3 and 4. The fact is, in the accused engines, the cam shaft is mounted down in the crankcase at a point remote from the oil feed tube which is located in the upper portion of the cylinder head.

10. Claim 2 of the Irvin patent in suit is limited to "means for pivotally mounting the rockers concentric with the oil channel" and claims 3 and 4 are limited to "the rockers being mounted in a continuous oil channel."

11. None of the accused gas engines embodies rockers mounted in a continuous oil channel, but to the contrary the rockers in the accused engines are pivotally mounted on an oil feed tube.

12. Claim 2 of the Irvin patent in suit is additionally limited to "means for supplying lubricant to the channel", and claims 3 and 4 are limited to the continuous oil channel being "in communication with said oil feed tube."

13. None of the accused engines embodies an oil channel and accordingly does not embody a means for supplying lubricant to an oil channel nor an oil channel in communication with an oil feed tube.

14. The advance made by the patentee Irvin was in a crowded art as is evidenced by the file wrapper and contents and the patents referred to therein.

15. That the accused engines, in so far as the issues herein are concerned, follow prior art patents and publications set up in the answer, including such as Finnell patent No. 1,455,244, defendant's exhibit No. 12; Emerson patent No. 1,-198,334, defendant's exhibit No. 13; Maudslay British patent 121,410, December 19, 1918, defendant's exhibit No. 15; Automotive Industries, January 19, 1922, pp. 136, 137, defendant's exhibit 16; and the Sterns engines disclosed in Automotive Industries, issue of November 27, 1919, pp. 1064, 1065, defendant's exhibit 17.

### Conclusions of Law

I. None of the claims of the Irvin patent No. 1,481,962 in suit is infringed by any of the accused engines.

II. The bill of complaint should be dismissed.

### Indicated Judgment

Counsel for defendant will prepare and submit to the court for approval and entry a form of judgment as required by the foregoing findings of fact and conclusions of law.